[No. 1075. Decided December 15, 1894.]

FRANK G. BENSON ET AL., *Respondents*, v. J. F. HART, *Appellant*.

APPEAL — ADMISSION OF IMCOMPETENT EVIDENCE — HARMLESS ERROR.

A judgment will not be reversed because of the erroneous admission of certain evidence, if it appears from the whole evidence that the court was justified in his conclusion, outside of any influence which the admission of the incompetent evidence may have had upon his mind.

In an action to recover the price of goods sold, the admission of an order therefor, signed in defendant's name by another, directing the shipment of the goods, no agency having been shown, is not reversible error, where it subsequently appears that the person who brought the order to plaintiff had previously obtained goods for defendant, and had been in plaintiff's store with him, and the latter

does not deny the receipt of the goods sued for, nor of those previously obtained.

*Appeal from Superior Court, Snohomish County.*

*W. R. Andrews*, for appellant.

*Bell & Austin*, for respondents.

The opinion of the court was delivered by

DUNBAR, C. J.—This action was brought by the respondents to recover the price of certain merchandise alleged to have been sold by them to the appellant upon his promise to pay therefor. The answer admits the sale of the goods and the promise to pay, and then sets out a verbal contract by virtue of which the respondents were to take their pay in lumber at appellant's saw mill. This contract the respondents denied. A jury was waived, the cause was tried by the judge, the trial resulted in favor of the respondents.

During the trial of the cause the attorney for the respondents introduced in evidence a certain order which was as follows, omitting the direction to the respondents :

"Please ship us 15 feet of belt lacing at once and we will remit.　　　　　　(Signed)　J. F. HART & Co.　M."

The introduction of this order was objected to by the appellant for the reason that there was no proof that the order was made by an agent of J. F. Hart & Co. The court, however, admitted the order, and the appellant insists that such action of the court was error, and that for such error the judgment should be reversed.

The theory of the appellant is that the words "and we will remit" imply a promise to pay in cash, and that this was taken into consideration by the trial judge and influenced him in reaching the conclusion that the contract was for cash. While technically this order may not have been entitled to admission at the time it was admitted, yet in view of the testimony afterwards adduced by the respondents and by the appellant, also, we hardly think that we would be justified in reversing the judgment in this case for

that reason. The respondents testify that the person who brought this order had been in the habit of getting goods before for the appellant ; that he had previously been in the store with appellant Hart when he was purchasing goods, and that their relations were such as to cause him to conclude that he was the agent of the appellant Hart. Neither is it denied by the appellant that he received the particular goods described in this order ; nor that he received other goods that were delivered to the person who presented this order by the respondents prior to that time.

It is urged by the appellant that the record in this case shows the great weight of testimony to be opposed to the finding of the lower court, who found that the contract to pay in lumber had never been made. We have read the record and feel satisfied that the court was justified in coming to the conclusion that it did, outside of any influence which the admission of the order objected to might have had upon his mind ; and for that reason we will not disturb his judgment.

The judgment will be affirmed.

HOYT, STILES and SCOTT, JJ., concur.